UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, a nonprofit organization, CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK, a nonprofit organization, GREGORY BELL, an individual, and TANIA MORALES, an individual,<br><br>               Plaintiffs,<br><br>-against-<br><br>MICHAEL R. BLOOMBERG, in his official capacity as Mayor of the City of New York, and the CITY OF NEW YORK,<br><br>               Defendants. | No. 11-cv-6690 (JMF) |

**NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE
EVIDENCE RE PERSONAL EMERGENCY PREPAREDNESS AS A DEFENSE TO
PLAINTIFFS' CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

| | |
|---|---|
| SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 653-8700<br>Facsimile: (212) 653-8701<br>Paul Garrity<br>Daniel L. Brown<br>Valentina Shenderovich | DISABILITY RIGHTS ADVOCATES<br>40 Worth Street, Tenth Floor<br>New York, NY 10113<br>Tel: (212) 644-8644<br>Fax: (212) 644-8636<br>TTY: (877) 603-4579<br>Shawna L. Parks<br>Sid Wolinsky<br>Julia M. Pinover<br>Rebecca S. Williford |

*Attorneys for Plaintiffs*

-1-

**I.     INTRODUCTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs will and hereby do move this Court for an order excluding irrelevant evidence that the City intends to offer at trial.  Specifically, Plaintiffs request that the Court exclude evidence as to individual and personal emergency preparedness for persons with disabilities presented as a defense to Plaintiffs' claims.  As set forth more fully herein, Plaintiffs seek exclusion on the basis that such evidence is (a) irrelevant and thus inadmissible under Federal Rule of Evidence 402 and (b) because any probative value of such evidence is outweighed by the danger of confusion of the issues, delay and waste of time under FRE 403.

**II.    GOVERNING LAW**

"Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . ." Fed R. Evid 104(a).  The proponent of challenged evidence (the City in this case), bears the burden of establishing the admissibility by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

"'Relevant evidence' means any evidence having any tendency to make the existence of fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401.  If a piece of evidence does not meet this standard, it has no place in a trial in that action: "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. *See, e.g., Park W. Radiology v. CareCore Nat. LLC*, 675 F.Supp 2d 314, 322-23 (S.D.N.Y. 2009) (granting plaintiffs' motion in limine to exclude evidence of content of emails in antitrust action because the court is "not persuaded that the [evidence] is relevant to the claims at issue in the case").  Moreover, even evidence that is relevant may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . .

or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

### III. EVIDENCE ON INDIVIDUAL AND PERSONAL EMERGENCY PREPAREDNESS

In the report of its retained expert, and in deposition testimony of several of its witnesses, the City has sought to excuse the serious deficiencies in the disaster planning of its multiple agencies and beauracracies by seeking to shift responsibility for planning from the Office of Emergency Management and the City to individual preparation. (e.g., Report of Elizabeth Davis, ¶¶ 91-98). However, the emergency preparedness of an individual is not a defense under the substantive law governing this case, namely the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the New York City Human Rights Law, or a part of the the programs and services at issue in this case, namely the *City's* emergency planning.

Under any of these laws, discrimination stems from a denial of access, because of disability, to a governmental "program, service, or activity." Courts have interpreted "program, service, or activity" to "encompass virtually everything that a public entity does." *Brown v. County of Nassau*, 736 F.Supp 2d 602, 611 (E.D.N.Y. 2012) (*quoting Johnson v. City of Saline*, 151 F.3d 564, 569 (6th Cir. 1998)); *see also Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 45 (2d Cir. 1997) (defining "program, service or activity" as "a catch-all phrase that prohibits all discrimination by a public entity").

Personal preparedness is not something a public entity does; it is based on the actions of an individual. Accordingly, whether a person (with a disability or not) individually prepares themselves for an emergency is irrelevant to whether a public entity provides access to its emergency preparedness programs and services. Personal disaster preparedness is particularly irrelevant to people with disabilities because many people with disabilities, dependant on power,

3

medications, elevators, life sustaining medical equipment such as respirators, medical procedures such as dialysis, and caretakers and, simply cannot prepare to deal with disasters without assistance, or may only be able to prepare in a limited manner.

On this identical point, in *Communities Actively Living Indep. & Free v. City of Los Angeles*, the Court held that "it is irrelevant for the purposes of [an action regarding the City's emergency preparedness plan] whether individuals should also personally plan and prepare for emergencies and/or disaster." *Communities Actively Living Indep. & Free v. City of Los Angeles*, CV 09-0287 CBM RZX, 2011 WL 4595993 at *26, Order Granting Plaintiffs' Motion for Summary Judgment on Liability, (C.D. Cal. Feb. 10, 2011) (emphasis added), Exh. 121 in this matter. Thus, if the City should seek to introduce evidence about personal preparedness or the importance of personal preparedness, the Court should exclude this evidence as inadmissible under Federal Rules of Evidence 402.

Even if this evidence does have some marginal relevance, which Plaintiffs dispute, it should nonetheless be excluded under Federal Rule of Evidence 403 because it is a waste of judicial time, needlessly confuses the issues, and introduces an element of unfair prejudice by attempting to "blame the victim" for not being fully prepared instead of focusing on what the City does or does not do to make its disaster programs and services available to all. The delay and time wasted if such evidence is allowed would include the time Plaintiffs would have to spend to demonstrate, as is the case, that many people with disabilities are dependant on so many factors beyond their control that it is impossible for them to adequately prepare personally for disasters.

## IV. CONCLUSION

Plaintiffs respectfully request that this Court exclude any evidence that the City may seek to introduce at trial regarding the personal preparedness of individuals with disabilities during

4

disasters in the City of New York, when it is presented as a defense to Plaintiffs' claims in this matter, because it is irrelevant to any issues in this case, and, even if somewhat relevant, as prejudicial, confusing, and likely to cause undue delay and waste of time.

Dated:  February 22, 2013
         Berkeley, California

Respectfully submitted,

DISABILITY RIGHTS ADVOCATES



_____
Shawna Parks

JULIA PINOVER (JMP333)
DISABILITY RIGHTS ADVOCATES
40 Worth Street, 10th Floor
New York, NY 10036
Telephone: (212) 644-8644
Facsimile: (212) 644-8636
Email: general@dralegal.org

SHAWNA L. PARKS (CA Bar No. 208301)*
REBECCA S. WILLIFORD (CA Bar No. 269977)*
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, CA  94704
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716
Email: general@dralegal.org

*Admitted pro hac vice

DANIEL L. BROWN
PAUL GARRITY
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY  10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

*Attorneys for Plaintiffs*