IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

BROOKLYN CENTER FOR INDEPENDENCE
OF THE DISABLED, a nonprofit organization,
CENTER FOR INDEPENDENCE OF THE
DISABLED NEW YORK, a nonprofit
organization, GREGORY D. BELL, and TANIA
MORALES,

                                       Plaintiffs,

                -against-

MICHAEL R. BLOOMBERG, in his official
capacity as Mayor of the City of New York, and
the CITY OF NEW YORK,

                               Defendant.

----------------------------------------------------------------------- x

**DEFENDANTS'
NOTICE OF MOTION
AND MEMORANDUM
OF LAW IN SUPPORT
OF THEIR MOTION
TO STRIKE
TESTIMONY**

11 Civ 6690 (JMF) (FM)

## PRELIMINARY STATEMENT

Defendants submit this motion to (a) strike those portions of the direct testimony of plaintiffs witnesses that rely on inadmissible hearsay; (b) strike the lay testimony of Anna Lekas Miller; and (c). strike the testimony of Professor Peter Blanck pursuant to Fed. R. Evid. 702, as cumulative. Professor Blanck's purported expert testimony, submitted by declaration, is cumulative of the proffered testimony June Kailes' and should be excluded by the Court

## THE PROPOSED TESTIMONY OF PETER BLANCK IS CUMULATIVE, WARRANTING EXCLUSION PURSUANT TO FED. R. EVID. 403

Professor Blanck submitted two expert reports (dated September 19, 2012 and January 30, 2013) and a declaration (dated February 25, 2013). Although the Declaration, an

apparent *verbatim* recitation of his reports aspires to be the only testimony plaintiffs propose to submit at trial. As the Supreme Court has observed, the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999); *see also United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007) (the "proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied.")(citations omitted).

A district court has broad discretion to exclude testimony "if it is cumulative of testimony already in the record." *Colon v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 96 (S.D.N.Y. 2001); *see also United States v. Holmes*, 44 F.3d 1150, 1157 (2d Cir. 1995) ("Absent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence."); *In re Airlock Disaster at Lockerbie Scott* 37 F.3d 804, 824 (2d Cir. 1994)("The court may, in its discretion, refuse to entertain expert testimony it thinks unhelpful, cumulative, confusing to the jury, or more prejudicial than probative.").

If an expert's testimony is cumulative, such testimony is precluded under Federal Rule of Evidence 403. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Thus, testimony that "merely repeat[s] facts or opinions stated by other potential witnesses or in documents produced in discovery" should be excluded. *In re Rezulin*, 309 F. Supp. 2d at 546; *In re Airlock Disaster*, 37 F.3d at 825 (Testimony is cumulative where it merely repeats testimony "adduced from other witnesses."). *Compare In re Rezulin*, 309 F. Supp. 2d at 550 (Expert testimony on FDA procedures and regulations was

deemed "cumulative and certain to waste time" where the expert repeated another witness's facts and opinions.); *Colon*, 199 F. Supp. 2d at 97 (concluding an expert's testimony on a company's regulations compliance to be cumulative, where two other witnesses would provide the same testimony), *with United States v. Onumonu*, 967 F.2d 782, 787 (2d Cir. 1992) (holding expert testimony relevant and not cumulative where the expert was the only defense witness (other than the defendant) testifying on a given issue).

In this case, Mr. Blanck's expert testimony is clearly duplicative of the facts and opinions to which other witnesses and expert witness(es) will testify.  A few examples illustrate the extent of Mr. Blanck's potentially cumulative testimony.  For example, Mr. Blanck indicates in his expert report that he was asked to provide his expert opinion on the following issues:

1. The effects of disasters on individuals with disabilities in circumstances where a local government has not meaningfully or systematically addressed the needs of this population in its emergency planning and preparedness.
2. Identification of recognized principles to aid in the provision of inclusive, and programmatically effective, disaster planning and preparedness for people with disabilities; and
3. The extent to which the City of New York has meaningfully and programmatically addressed the needs of people with disabilities in its emergency planning and preparedness.

See Blanck Expert Report (Sept 19, 2012) at p. 6.

The record, however, is devoid of indication on how Professor Blanck's testimony on these issues would differ from the testimony of other expert or lay witnesses, or other produced evidence. Indeed, June Kailes, one of Plaintiffs' other expert witnesses, was asked to opine on identical topics, as set forth in Ms. Kailes' Expert Report:

(a)   the essential components of emergency planning for people with disabilities;
(b)   the steps necessary to ensure that emergency preparedness and planning are accessible to and inclusive of people with disabilities; and

> (c)     the extent to which New York City's current emergency planning efforts contain the essential components referenced above in subpart (a) and demonstrate the necessary steps referenced above in subpart (b).

See Kailes Expert Report (Sept 19, 2012) at para. 12.

In his deposition Professor Blanck was specifically asked a number times to articulate the distinction between his testimony and Ms. Kailes and he utterly failed to do so.  He testified that his "approach was complementary" but could not clearly articulate what that meant other than by repeating generalized comments about "system – wide failure." Deposition of Peter Blanck, February 11, 2013 ("Blanck Dep.") 128:-30..("My assignment, . was, in addition to that, to look at whether or not from a broad perspective when viewed in it's entirely were people with disabilities or not disproportionately lacked access to the types of programs and services that were offered by the city in terms of disasters")  *Id* 129: 9-15.   ("My focus was to try to understand that system-wide failure and how each of these individual challenges can lead up to this more systemic need for thinking about the planning process and thinking aobut maybe how it could be improved the next time") .*Id* 129: 20-25. See Declaration of Martha Calhoun dated March 1, 2013.

Other than these broad general statements, Professor Blanck's testimony is utterly devoid of elaboration on or  support for these conclusions that is different from those asserted by June Kailes. The purported examples  he cites—participation by the disability community, lack of planning for multi-story evacuations, accessible transportation or evacuation and accessible shelters and resources and planning for assistance during recovery—are all topics covered by Ms. Kailes.  Indeed the only time he testified about a system-wide planning process, it was to praise the City's revised area evacuation plan. *Id*  129:24-130-14. Other than using the words "lack of system-wide planning" Professor Blanck offers nothing new or distinct. Because such

4

testimony is cumulative, Professor Blanck's declaration should be struck pursuant to Federal Rule of Evidence 403.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their *Daubert* motion and strike Mr. Blanck's expert reports and declaration, together with such other and further relief as this Court may deem just and proper.

Dated:      March 1, 2013
            New York, New York

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 788-0923


By:     _____/s/_____
        Martha A. Calhoun
        Mark G. Toews
        Carolyn E. Kruk