UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, a nonprofit organization, CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK, a nonprofit organization, GREGORY BELL, an individual, and TANIA MORALES, an individual,<br><br>                      Plaintiffs,<br><br>-against-<br><br>MICHAEL R. BLOOMBERG, in his official capacity as Mayor of the City of New York, and the CITY OF NEW YORK,<br><br>                      Defendants. | No. 11-cv-6690 (JMF) |

**PLAINTIFFS' MEMORANDUM REGARDING
THE ADMISSIBILITY OF SHELTER WORKERS STATEMENTS
AS STATEMENTS OF PARTY OPPONENT**

| | |
|---|---|
| SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 653-8700<br>Facsimile: (212) 653-8701<br>Paul Garrity<br>Daniel L. Brown<br>Valentina Shenderovich | DISABILITY RIGHTS ADVOCATES<br>40 Worth Street, Tenth Floor<br>New York, NY 10113<br>Tel: (212) 644-8644<br>Fax: (212) 644-8636<br>TTY: (877) 603-4579<br>Shawna L. Parks<br>Sid Wolinsky<br>Julia M. Pinover<br>Rebecca S. Williford |

*Attorneys for Plaintiff*

**I. Introduction**

Defendants claim that shelter workers are trained by the City. The evidence in this case shows that shelter workers are mostly redeployed city employees. *See* Coastal Storm Plan Sheltering Plan, Exh. at CNY000400-401), or CERT volunteers who are also certified and trained by the City. If these statements are true, then the statements of these city-trained, and city-authorized shelter workers are statements of party opponents within the meaning of Federal Rule of Evidence 801(d)(2)(D). Federal Rule of Evidence 801(d)(2)(D) states that "an opposing party's statement [is admissible as non-hearsay] if the statement is offered against an opposing party and was made by the party's agent or employee on a matter within the scope of that relationship while it existed." Plaintiffs are offering the statements made to Margi Trapani and Susan Dooha by shelter workers who worked at emergency shelters under Fed R. Evid. 801(d)(2)(D).

In the alternative, if the Court finds that such statements are not admissible as opposing party statements, Plaintiffs submit that this fact alone is probative of the Americans with Disabilities Act violations at issue in this case. The gravamen of this issue is whether the City's shelter workers are sufficiently within the City's control and agency to have the City held accountable for the statements of these agents. If these statements fail to constitute statements of party opponent, it must be because the requisite agency is lacking. Any argument by the City that the requisite agency is lacking is tantamount to an admission that the City fails to train and control its own shelter workers who are the persons in charge of accessibility at shelters during emergencies.

In short, Plaintiffs submit that Defendants cannot have it both ways: they cannot have shelter worker staff who are highly skilled and trained by the City such that they are competent to avoid access problems at shelters while still claiming that these workers' agency relationship is too distant from the City to constitute statements of party opponents.

**II. Shelter Worker Statements Are Admissible as Statements of Party Opponents**

Plaintiffs seek to introduce vicarious admissions of a party-opponent because they are "statement[s] by the party's agent or servant concerning a matter within the scope of the agency or employment made during the existence of the relationship." *See* Fed.R.Evid. 801(d)(2)(D). A party seeking to admit a statement as a vicarious admission must demonstrate the following: "(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Pappas v. Middle Earth Condominium Ass'n,* 963 F.2d 534, 538 (2d Cir. 1992); *Nyack v. S Conn. State Univ.*, 97 F.3d 648, 661 (D. Conn. 2006). Moreover, "the authority granted in the agency relationship need . . . simply [include] the authority to take action about which the statements relate." *Pappas v. Middle Earth Condominium Ass'n*, 935 F.3d 534 at 539. The declarant "need not be the final decisionmaker on employment matters for his statement on those matters to be deemed within the scope of his agency. Rather, he need only be an advisor or other significant participant in the decision-making process that is the subject matter of the statement." *U.S. v. Rioux*, 97 F.3d 648, 661 (2d Cir. 1996).

Since *U.S. v. Rioux*, courts have broadened the standard for the admissibility of statements made by agents of party opponents. In *Aliotta v. Nat'l R.R. Passenger Corp.*, the Seventh Circuit held that "admission can be made concerning [*any*] matter within the scope of

the . . . employment." *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 762 (7th Cir. 2003); *see* Fed R. Evid 801 advisory committee note, 1972 Proposed Rules (noting that since "few principals employ agents for the purpose of making damaging statements," admissible admissions may be made as to all matters within the scope of the agency or employment and include more than just statements made in circumstances meeting "the usual test of agency"). "The only requirement is that the subject matter of the admission match the subject matter of the employee's job description." *Aliotta v. Nat'l R.R. Passenger Corpi,* 315 F.3d 756 at 762.

The statements at issue were made while the agency relationship existed between the City of New York and shelter workers. There is a clear agency relationship between the City, which is responsible for and runs emergency shelters, and the workers at those shelters who are trained by the City. The shelter workers are in fact mostly redeployed City employees, or CERT volunteers who are purportedly trained extensively on the City's emergency practices and protocols. *See* Shaffer Decl. at ¶¶14-21. Moreover, shelter workers are tasked with implementing procedures for housing and accommodation of shelterees with disabilities and the statements at issue fall squarely within the scope of a shelter worker's employment, including familiarity with a plan for serving persons with disabilities. Trapani Decl. ¶¶ 42, 56. Even if such shelter workers were not the final decision-makers regarding the matters they discuss, the statements of shelter workers qualify as admissions of party opponents under Fed. R. Evid. 801(d)(2)(D) because it is the express job of shelter workers to carry out the City's plan for housing shelterees. *See, e.g.,* Dooha Decl. ¶¶ 84-85; Trapani Decl. ¶¶ 56, 58-59. Additionally, when City shelter workers state that "persons with disabilities . . . were unable to shelter at Newcomers would be sent to PS 166," the subject matter of the admission matches the subject matter of their job description, satisfying the standard under *Aliotta*. *See* Trapani Decl. ¶ 58.

## III. CONCLUSION

For the foregoing reasons, statements of shelter workers should be admissible as statements of party opponents.

| | |
|---|---|
| Dated:  March 13, 2013<br>New York, NY | Respectfully submitted,<br><br>_____<br>Shawna L. Parks<br>Sid Wolinsky<br>Julia Pinover<br>Rebecca Williford<br>DISABILITY RIGHTS ADVOCATES<br>40 Worth Street, Tenth Floor<br>New York, NY 10113<br>Tel:  (212) 644-8644<br>Fax:  (212) 644-8636<br>TTY:  (877) 603-4579<br><br>DISABILITY RIGHTS ADVOCATES<br>2001 Center Street, Fourth Floor<br>Berkeley, CA 94705<br>Tel: (510) 665-8644<br>Fax: (510) 665-8511<br>TTY: (510) 665-8716<br><br>Paul Garrity<br>Daniel L. Brown<br>Valentina Shenderovich<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>30 Rockefeller Plaza<br>New York, NY  10112<br>Telephone: (212) 653-8700<br>Facsimile: (212) 653-8701 |

*Attorneys for Plaintiffs*