UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, *et al.*,

Plaintiffs,

11 Civ. 6690 (JMF)(FM)

-against-

MICHAEL R. BLOOMBERG, in his official capacity as Mayor of the City of New York, and the CITY OF NEW YORK,

Defendants.

---------------------------------------------------------------------- x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MEMORANDUM REGARDING THE ADMISSIBILITY OF SHELTER WORKERS' STATEMENTS AS A PARTY OPPONENT.**

## PRELIMINARY STATEMENT

Defendants Michael R. Bloomberg and the City of New York submit this Memorandum of law in opposition to the Memorandum of Plaintiffs regarding the admissibility of the testimony of completely unidentified hurricane shelter workers. Defendants have objected to the testimony to this testimony on the grounds that it is hearsay and must be excluded pursuant to Federal Rule of Evidence 802. The testimony at issue includes certain statements in trial exhibits and testimony: notes of Susan Dooha recording her visits to several Hurricane Shelters during Hurricane Sandy in October 2012, Trial Exhibit 130 and statements in the Declarations of Margi Trapani, and Susan Dooha. The statements at issue, vaguely attributed to "workers" or "shelter workers," without any further identification as to name, title, role, whether or not the individual was the shelter manager. The statements are all similar to the following:

"Workers told us they were not accessible, they said they would send to other shelters—said they would bus people to PS165." Trial Exhibit 130 at 1.

There is no question these statements are hearsay, out of court statements offered for the truth of the matter asserted. Federal Rule of Evidence 801(c) . The only question is whether the statements fall under the party admission exception articulated in Federal Rule of Evidence 802(d)(2). Rule 802(d)(2) states in pertinent part: *An Opposing Party's Statement* must have been (A) made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true;(C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed. Federal Rule of Evidence 801(d)(2) (A) –(D).

In order for the statement of a party's agent or servant concerning a matter within the scope of employment, made during the existence of the relationship, the declarant must be "an advisor or other significant participant in the decision-making process that is the subject matter of the statement." United States v. Rioux, 97 F.3d 648, 661 (2d Cir. 1996));. See Davis-Bell v. Columbia Univ., 851 F. Supp. 2d 650, 676 (S.D.N.Y. 2012) ( outside consultant of Columbia University — not even an employee of Columbia University — let alone one situated in a sufficiently senior position to give her the authority to bind Columbia by her statements); See also Phipps v. Comprehensive Cmty. Dev. Corp., No. 00 Civ. 6063, 2005 U.S. Dist. LEXIS 1672, at *38 (S.D.N.Y. Feb. 2, 2005) (secretary with no decision-making authority's statements not party admissions).

There is no way of making any determination at all about the status of the shelter workers in the statements proffered by plaintiffs because there is absolutely no information other than that they are "shelter workers.". They are not identified by name. They are not identified as shelter operators, managers, or anyone in some position of authority at the facility. There is no way to determine whether the person who allegedly relayed the information is a someone in a position of authority or simply someone who walked in off the street offering to volunteer. There is no indication of whether these individuals had been working at the shelter for some time or whether they had recently arrived. In short there is nothing whatsoever to establish the requisite agency relationship and authority to deem the statement a party admission for the purposes of the exception to the hearsay rule.

Plaintiffs suggestion that because shelter workers receive training their statements with respect to shelter accessibility constitute party admission, is absurd in this situation where we know nothing whatsoever about these people. Even if training alone were sufficient to establish the required relationship and authority, and without more information it simply is not, we do not know anything about who these particular workers are or what training they received, whether these workers received the significant operator training or the training required of Community Emergency Response Teams ("CERT") or whether they just walked in off the street and offered to help. As such these types of statements do not fall under the [arty admission exception to the hearsay rule.

Plaintiffs' suggestions that if these statements are hearsay they determination in itself is probative, is a blatant attempt to subvert the hearsay rule. Statements that are hearsay are

inadmissible for any purpose. These statements exhibit the classic evils of hearsay and should be excluded.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the statements of "shelter workers" be excluded as hearsay.

Dated: New York, New York
March 14, 2013

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church St., Rm. 2-106
New York, NY 10007

By: ______________________
Martha A. Calhoun
Assistant Corporation Counsel