```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
BROOKLYN CENTER FOR INDEPENDENCE OF                                     :
THE DISABLED et al.,                                                    :
                                                                        :     11-CV-6690 (JMF)
                                 Plaintiffs,                            :
                                                                        :     MEMORANDUM OPINION
        -v-                                                             :         AND ORDER
                                                                        :
MICHAEL R. BLOOMBERG et al.,                                            :
                                                                        :
                                 Defendants.                            :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/02/2014

JESSE M. FURMAN, United States District Judge:

On September 11, 2014, Plaintiffs submitted proposed procedures for the Rule 23(e) class notice and fairness hearing process in this case. (Pls.' Request for Status Conference ("Sept. 11 Letter") (Docket No. 194)). Plaintiffs requested that the Court enter any Memoranda of Understanding (MOUs) between the parties as an order, subject to modification after a fairness hearing. (Sept. 11 Letter 1). Defendants stated that they did not object to Plaintiffs' proposal, "with the understanding that while the MOUs may be incorporated into a preliminary order of approval, the stipulation of settlement would not be so-ordered until the conclusion of the fairness hearing procedures required by Rule 23(e)." (Defs.' Sept. 17, 2014 Letter (Docket No. 196) 1). Consequently, the Court adopted Plaintiffs' recommendation and directed the parties to notify it of any disagreements. (Docket No. 197).

On September 30, 2014, the parties reported that they had reached a settlement and submitted a Stipulation of Settlement and Memoranda of Understanding. (Joint Letter Attaching Stipulation Settlement & Defs.' Request for Further Clarification Regarding Rule 23(e) ("Sept. 30 Letter") (Docket No. 198)). Their cover letter, however, revealed disagreement about what

steps the Court should take prior to the fairness hearing. Plaintiffs ask the Court to "immediately 'so order' the Stipulation and the requested relief set forth in the MOUs, and issue a remedial order" subject to modification after a fairness hearing, while Defendants contend that the Court should instead "preliminarily approve the settlement, including the MOUs, for purposes of permitting the notice of proposed settlement to issue to the class members." (Sept. 30 Letter 2-3). Under Defendants' proposal, Plaintiffs would not be entitled to any relief until after the fairness hearing. (*Id.*). For the reasons explained herein, the Court agrees with Plaintiffs.

Rule 23(e) of the Federal Rules of Civil Procedure prohibits the voluntary dismissal, settlement, or compromise of a class action absent court approval. The Rule further provides that the court may approve a settlement only after giving notice to class members, holding a hearing, and finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1),(2). Nevertheless, several courts in the Second Circuit have adopted a "functional interpretation" of Rule 23(e), under which strict compliance with the rule is not "uniformly required." *Green v. Am. Exp. Co.*, 200 F.R.D. 211, 212 (S.D.N.Y. 2001); *see, e.g.*, *J.S. v. Attica Cent. Schs.*, No. 00-CV-513S (WMS), 2012 WL 3062804, at *3-4 (W.D.N.Y. 2012); *Town of Greece v. Eastman Kodak Co.*, No. 06-CV-6579 (DGL), 2007 WL 2126277, at *1 (W.D.N.Y. 2007); *Selby v. Mut. Life Ins. Co.*, No. 98-CV-5283 (RLC), 2003 WL 22772330, at *3-4 (S.D.N.Y. 2003). This "functional" approach recognizes that "'if there is no evidence of any collusion between the named plaintiffs and the defendants in seeking [settlement] and no evidence of any prejudice to absent class members,' the requirements of Rule 23 may not be compulsory." *J.S.*, 2012 WL 3062804, at *2 (quoting *In re Nazi Era Cases Against German Defs. Litig.*, 189 F.R.D. 429, 442 (D.N.J. 2001)) (alteration in original).

Courts adopting the functional approach have relaxed Rule 23(e)'s requirements in several situations, including: "(1) when the terms of the settlement provide near complete relief to the plaintiffs, (2) when the settlement provides for only injunctive relief, and, therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, (3) when there is no evidence of any collusion between the parties, and (4) when the cost of notice would risk eviscerating the settlement agreement." *Green*, 200 F.R.D. at 212; *see also id.* n.1 (noting that some courts take a "more enlightened approach" to Rule 23(e) under which "[i]f neither loss of benefit to the class nor evidence of collusive agreement is present, notice is unnecessary" (quoting Newberg on Class Actions § 11.72)). They have also considered whether strict compliance with Rule 23(e) would "entail substantial delay and concomitant cost, all to the detriment of the class itself." *Doe v. Perales*, 782 F. Supp. 201, 207 (W.D.N.Y. 1991).

Many of these factors are present here. The proposed settlement provides only injunctive relief, and there is no evidence of collusion between the parties. *See Green*, 200 F.R.D. at 212. To the contrary, Defendants vigorously contested their liability at trial, resulting in a 119-page opinion from this Court (Docket No. 159), and the settlement agreement on remedies was reached only after a lengthy, arms' length mediation process overseen by both this Court and an independent mediator. Additionally, upon preliminary review, the settlement appears to provide Plaintiffs with "near complete relief" given the Court's findings and conclusions with respect to liability. *Green*, 200 F.R.D. at 212. The seven MOUs lay out in detail concrete steps that Defendants will take in planning for, and responding to, emergencies and disasters to better accommodate people with disabilities. (*See* Sept. 30 Letter, Exs. 2-8). Perhaps most importantly, given the nature of the issues in this case and the fact that a disaster could strike at any time,

3

Plaintiffs could be significantly harmed if they were forced to wait until after a fairness hearing for Defendants to begin rectifying the inadequacies in its emergency preparedness and plans.

In cases where a flexible approach is called for, several courts have been willing to approve a settlement without even notifying the class members or holding a fairness hearing. *See, e.g.*, *Doe*, 782 F. Supp. at 207; *Selby*, 2003 WL 22772330, at *5. In this case, Plaintiffs have not asked the Court to go so far, and the Court is not inclined to go so far. Instead, the Court will take an intermediate approach and grant Plaintiff's request for an interim order requiring Defendants to comply with the settlement, subject to modification — or rejection — following notice to the class members and a fairness hearing pursuant to Rule 23(e).

For the foregoing reasons, it is hereby ORDERED that, no later than **October 7, 2014**, the parties shall confer and submit a joint proposed order consistent with this Memorandum Opinion and Order. The proposed order should include, among other things, the parties' proposed procedures for giving notice to the class (along with the proposed notice(s)) and a proposed schedule for (1) providing notice; (2) filing a motion (joint or on consent, as the case may be) for approval of the settlement; and (3) the fairness hearing.

SO ORDERED.

Date: October 1, 2014
      New York, New York

                                                  JESSE M. FURMAN
                                                  United States District Judge