UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, a nonprofit organization, CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK, a nonprofit organization, GREGORY D. BELL and TANIA MORALES,

                                          Plaintiffs,

- against -

BILL DE BLASIO, in his official capacity as Mayor of the City of New York, and the CITY OF NEW YORK,

                                          Defendants.

------------------------------------------------------------------------ x

**STIPULATION OF SETTLEMENT OF PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES AND COSTS DURING THE IMPLEMENTATION PERIOD**

11 CV 6690 (JMF)

WHEREAS Brooklyn Center for Independence of the Disabled, Center for Independence of the Disabled, New York, Gregory D. Bell, and Tania Morales (together, the "Plaintiffs") commenced the instant lawsuit on September 26, 2011, alleging that Defendants violated federal, state, and city law by failing to account for the needs of persons with disabilities in the City's emergency preparedness program;

WHEREAS the Honorable Jesse M. Furman issued an Opinion and Order dated November 7, 2013, following a trial on issues of liability;

WHEREAS by Order dated October 15, 2014, the Court endorsed the Stipulation of Settlement and Remedial Order and seven separate Memoranda of Understanding attached to the Remedial Order, incorporated by reference therein (collectively, the "Settlement Agreement") in this matter;

WHEREAS the Remedial Order preserved Plaintiffs' right to recover fees and costs for monitoring of Defendants' implementation of the Settlement Agreement;

WHEREAS Plaintiffs engaged in post-judgment activities during the period between October 15, 2014, and March 15, 2020, in monitoring Defendants' implementation of the Settlement Agreement;

WHEREAS Defendants met their obligations under the Settlement Agreement and, as a result, the Court's jurisdiction over Defendants expired on March 15, 2020;

WHEREAS Plaintiffs now seek to recover attorneys' fees and costs for those post-judgment activities; and

WHEREAS the parties and their respective counsel desire to resolve all claims for all fees, costs and expenses related to this matter accrued to date, including during the implementation of the Settlement Agreement, without further proceedings;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. Plaintiffs' and their counsel's claims for attorneys' fees, costs and expenses accrued to date are hereby resolved and withdrawn, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay the sum of FIVE HUNDRED FIFTY THOUSAND AND ONE DOLLARS AND ZERO CENTS $550,001.00 (the "Settlement Amount") by check made payable to "Disability Rights Advocates", one of the law firms for Plaintiffs, in full and final satisfaction of all claims for costs, expenses, and attorneys' fees that were or could have been incurred in this action.

3. In consideration for payment of the Settlement Amount, Plaintiffs and their counsel agree to release Defendants City of New York and Mayor Bill de Blasio, their successors and/or assigns, and all present or former officials, employees, representatives, and/or

agents of the City of New York, or any entity represented by the Office of the Corporation Counsel, from any and all claims of attorneys' fees, expenses and costs that were or could have been incurred in connection with this action.

4. Plaintiffs' counsel shall be responsible for the payment of any federal, state, and/or local taxes, if any, on the Settlement Amount.

5. Plaintiffs' counsel shall each execute and deliver to Defendants' undersigned attorney all documents necessary to effect this settlement, including, without limitation: (i) executed substitute W-9 forms for both Disability Rights Advocates and Sheppard Mullin LLP; and (ii) signed releases for both Disability Rights Advocates and Sheppard Mullin LLP, as well as for Plaintiffs Brooklyn Center for Independence of the Disabled, and Center for Independence of the Disabled, New York, based on the terms of paragraphs "2" and "3" above. The payment of the Settlement Amount is subject to and conditioned on delivery of these documents to Defendants' undersigned attorney.

6. In light of Plaintiffs' counsel's representation of their (a) intention to file a notice of suggestion of Plaintiff Gregory D. Bell's death and (b) inability to locate Plaintiff Tania Morales, the parties agree as follows: Effective upon receipt of the Settlement Amount, Disability Rights Advocates shall indemnify and hold Defendants harmless from any and all claims brought by, or on behalf of, Plaintiffs Gregory D. Bell and/or Tania Morales, for costs, expenses, and attorneys' fees incurred or accrued in connection with the monitoring of Defendants' implementation of the Settlement Agreement (hereinafter, a "Fee Claim"); provided, however, that Disability Rights Advocates' liability for a Fee Claim under this paragraph shall in no event exceed the amount of the Settlement Amount. Upon notice of a Fee Claim, the City of New York shall promptly notify Disability Rights Advocates, which shall have the right to

defend the Fee Claim and may, in its sole discretion within the limits of its liability for Fee Claims under this paragraph, resolve the Fee Claim provided that Disability Rights Advocates delivers to the City of New York's undersigned counsel a release in favor of Defendants discharging Defendants from any liability for costs, expenses, and attorneys' fees incurred or accrued in connection with the monitoring of Defendants' implementation of the Settlement Agreement.

7. Nothing contained herein shall be deemed to be an admission by the Defendants that they have in any manner or way violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York.

8. This Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

9. Nothing contained in this Stipulation shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

10. This Stipulation contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

11. The Parties agree that this Stipulation may be executed in counterparts, and facsimile, scanned, photocopied or digital signatures shall have the same effect as original signatures.

Dated: October 2, 2020
New York, New York

DISABILITY RIGHTS ADVOCATES
Attorney for Plaintiffs
655 Third Avenue, 14th Floor
New York, New York 10017
(212) 644-8644

By: /s/ Jelena Kolic
    Jelena Kolic

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-0893
ckruk@law.nyc.gov

By: s/ Carolyn Kruk (9/29/20)
    Carolyn E. Kruk

Sheppard Mullin LLP
Attorney for Plaintiffs
30 Rockefeller Plaza
New York, NY 10112
(212) 653-8700

By: s/ Daniel Brown
    Daniel Brown

SO ORDERED:

Dated: October 6, 2020

/s/ Jesse M. Furman
Hon. Jesse M. Furman
United States District Judge